RAFAEL FUSTER FUSTER ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1397.     Decided May 31, 1963.

*Santiago C. Soler Favale* for appellants. The respondent registrar appeared by brief.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The corporation Mueblerías Fuster, Inc., subscribed a promissory note in favor of Enrique Calimano McCormick, or to his order, for the sum of $50,000, setting forth that this obligation would be secured by mortgage on two urban properties.

On August 22, 1961 the spouses Rafael Fuster and Lupercia González and Mueblerías Fuster, Inc., executed deed No. 19 before Notary Santiago C. Soler Favale, whereby they constituted unilaterally a mortgage on two urban properties owned by the spouses Fuster-González in order to secure the aforementioned negotiable note.

The deed having been presented in the Registry of Property of Guayama, the Registrar recorded the same but setting forth a curable defect and denying registration as to a certain mortgage clause by means of the following decision:

"The preceding document is recorded, after examining another complementary document, at folios 207 reverse and 151 reverse of Volumes 104 and 109 of Guayama, properties Nos. 239⁴ and 1560², 17th and 14th inscriptions, respectively, with the curable defect that the deed sought to be recorded for the purpose of the distribution of the mortgage liability between the properties encumbered by the mortgagee, Enrique R. Calimano McCormick, is not legally accepted. Registration or recital of the Second Mortgage Clause is denied on the ground that it extends the mortgage lien to the lands which are added by

consolidation to those mortgaged, in violation of the provisions of articles 110 and 111 of the existing Mortgage Law, entering instead a cautionary notice for the legal period of 120 days in favor of the mortgagee. In addition to the mortgage hereby constituted, property letter A is subject to, etc."

It is a well-known principle in mortgage law that voluntary mortgages may be validly constituted not only by agreement of the parties, but also by the exclusive act of the owner of the properties on which they are constituted, and no showing is required of the acceptance by the person in whose favor the lien is directly or indirectly created. *Santiago* v. *Registrar of Guayama*, 25 P.R.R. 797 (1917); *Pérez Blanco* v. *Registrar of Guayama*, 37 P.R.R. 589 (1928). According to art. 119 of the Mortgage Law (30 L.P.R.A. § 215), when a number of estates are mortgaged at the same time for a single credit, the amount or part of the lien to be borne by each shall be determined. Article 164 of the Mortgage Law Regulations (30 L.P.R.A. § 1085) provides in turn that registrars shall not record any mortgage on different property subject to the same obligation, unless by agreement between the parties or by a judicial order in a proper case the amount which each estate is to secure shall be determined. Where no distribution of liability among the several properties mortgaged to answer for one single obligation is made in a mortgage deed, such deed is not recordable in the Registry of Property, *J. M. Portela & Co.* v. *Registrar*, 41 P.R.R. 281 (1930); however, when the liability is distributed by the mortgagors alone, the only persons appearing as parties in the mortgage deed, the omission of a formal acceptance of the mortgage by the mortgagee constitutes a curable defect in the title. *Morales* v. *Registrar*, 37 P.R.R. 799 (1928); *Sanabria* v. *Registrar*, 37 P.R.R. 810 (1928). This liability distribution requirement, established for the benefit of the mortgagor, cannot be waived, *Galiñanes Hnos., Inc.* v. *Registrar*, 65 P.R.R. 541 (1946); *Crédito y Ahorro Ponceño*

v. *Registrar of San Juan*, 30 P.R.R. 131 (1922). The principle of liability distribution is equally applicable to mortgages constituted to secure negotiable notes or notes to bearer. *Gómez* v. *Registrar of Mayagüez*, 35 P.R.R. 56 (1926). In the latter class of voluntary mortgages, does the Act require the mortgagees to accept the distribution of the liability of the properties mortgaged?

■ The name of the mortgagee cannot be specified in mortgages to secure titles to bearer, and in the registration it is set forth that the mortgage is constituted in favor of the holders of the obligations mentioned in the deed. Article 153 of the Mortgage Law (30 L.P.R.A. § 266) and art. 184 of the Regulations (30 L.P.R.A. § 1118). The impossibility that the mortgagee in these cases may accept the distribution is evident since the mortgagees are unnamed and unknown persons. This is an exception to art. 164 of the Regulations, since the distribution is made unilaterally by the mortgagor without there being any agreement between the parties nor a judicial order. Aside from that, the circulation of the obligations entails the express acceptance of the mortgage. Alfonso de Cossio y Corral, *Lecciones de Derecho Hipotecario* 217.

We believe that the mortgages to secure notes to order are comprised within the same exception. Although the indetermination of the owner in these mortgages is relative because the name of the senior mortgagee appears at least in the obligation, the assignment of the title is made by means of a simple endorsement without the need of notifying the mortgagor or of setting forth the assignment in the Registry. The mortgage right is deemed to be transferred together with the obligation or with the deed. Article 153 of the Law (30 L.P.R.A. § 266); *Colberg* v. *Banco Territorial y Agrícola*, 12 P.R.R. 307 (1907). In many instances it may appear that on the date of presentation in the Registry of the mortgage securing a negotiable obligation, the latter may

have been assigned, by endorsement, to a junior creditor unknown to the Registry and even to the mortgagor. In such case, how could there be an agreement between the parties to determine beforehand the amount which each piece of property is to secure, as required by art. 164 of the Mortgage Law Regulations?

On the other hand, art. 164 of the Regulations is not applicable, in our opinion, to the present case, since here the loan contract was executed between a corporation and Mr. Calimano, while the mortgage securing the obligation executed by the debtor corporation was constituted unilaterally by third persons, the latter being the only party in the constitution of the lien which the commentators label "security mortgage." There are not, therefore, *parties* which may agree on the distribution of liability. The Law does not even require that this voluntary mortgage be ratified by the mortgagee. Article 141 of the Law. Indeed, as Roca Sastre asserts,[1] "the indetermination of the person of the owner in this class of deeds, coupled with the incorporation of the obligation secured by the deed, renders impossible the normal application of the common rules bearing on the constitution and system of the mortgages."

Lastly, we agree with said commentator that the distribution proceedings, the conventional as well as the judicial, are applicable only in normal situations and that, by exception, the distribution is made unilaterally, namely, by the mortgagor alone, in the mortgages constituted in order to secure notes to bearer and also those executed by the sole disposition of the owner.

For the reasons stated, the mortgage deed should have been recorded without the curable defect noted by the Registrar.

---

[1] IV Roca Sastre, *Derecho Hipotecario* 528 and 529.

■ Does the Law prevent the mortgagor from agreeing that the mortgage shall extend to the properties consolidated with the property mortgaged? The Registrar maintains: "Provisions such as 110 and 111 of the M.L. are of a prohibitive nature, for the benefit of the mortgagor and of the territorial credit. The provisions thereof cannot be waived and no agreement may be made which may modify or alter its precepts, in violation of the Law, and in that connection the freedom to contract is rendered void."

"A mortgage extends"—according to art. 110—"to natural accessions, improvements, pending fruits and rents not collected at the time of the maturity of the obligation, and to the value of the indemnities granted or due the owners by the underwriters of the property mortgaged, or by virtue of condemnation for purposes of public utility." And art. 111 provides in its pertinent part:

"In accordance with the provisions of the preceding section, the following shall be considered to have been mortgaged jointly with the estate, even though not mentioned in the contract, provided they belong to the owner thereof:
".    .    .    .    .    .    .    .

"2. Improvements consisting of new plantings, works of irrigation or drainage, repairs, safety devices, changes, conveniences, adornment or heightening of buildings, and *any other similar works not consisting of the addition of lands, excepting by natural accession,* or of the construction of new buildings where none formerly existed." (Italics ours.)

According to the precepts cited, the mortgage extends to the natural accession but not to the additions of land by consolidation. This extension to the natural accession and to the other improvements specified in the two articles cited of the M.L. operates automatically even though they are not mentioned in the contract. In other words, after a mortgage is constituted on a piece of property, such property answers for the mortgage credit as well as for the improvements

mentioned, since by provision of law these improvements are deemed to be mortgaged together with the property.

If the property mortgaged is increased by the action of nature (accession), such addition is subject to the mortgage lien; however, if the increase consists in the addition of lands by the consolidation of properties belonging to the mortgagor or subsequently acquired by him by any lawful title, the Law does not consider these consolidations or additions as being mortgaged together with the property and does not extend to them. As stated by Barrachina,[2] it is not to be presumed that it was the mortgagor's intention to encumber these properties or the lands consolidated, "and since the mortgagee was satisfied with the property given to him to secure the contract, he cannot expect in reason and justice that the liability should extend to the new property acquired by the mortgagor. This is the pivot of the presumption underlying the force of justice." The same reason of justice is applicable to the properties or portions of land which, although they already belonged to the mortgagor, had not been added to the property mortgaged at the date of the contract. But neither arts. 110 and 111 of the Mortgage Law nor any other legal provision known to us prevent the mortgagor from agreeing freely to extend the mortgage to the additions of land other than by natural accession. This is not prohibited by arts. 106, 107 and 108 of the Law (30 L.P.R.A. §§ 202, 203, and 204), the first of which specifies the properties which may be mortgaged; the second, the properties which may be mortgaged with restrictions; and the third, those which cannot be mortgaged. Among the properties which cannot be mortgaged, art. 108(5) comprises a property interest in things which, even though they are to be held in the future, is not yet recorded in the name of the person who may have the right to possess the same. Respondent Regis-

---

[2] 3 Barrachina, *Derecho Hipotecario y Notarial* 74.

trar invokes this provision in support of his decision, but the application thereof has no place here because the mortgagor has not sought to mortgage *a property interest* in the additions, but has consented to extend the mortgage to these additions themselves, even though not by natural accession.

Since the mortgage clause extending the mortgage to the lands which may be added by consolidation to the property mortgaged is not contrary to the Law, the Registrar should have recorded it.

An order will be entered reversing the decisions appealed from.